# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOBAN, | CASE NO. 1:10-cv-00164-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| C. K. CHEN, | (Doc. 11) |
| Defendant. | ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Timothy Hoban, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2010.  On May 9, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on May 23, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Summary of Amended Complaint

### A.     Allegations

Plaintiff, an inmate housed at Kern Valley State Prison (KSVP), brings this action against C. K. Chen, M.D., a physician at the prison. Plaintiff, a dialysis patient with end-stage renal failure, alleges that Defendant Chen dismisses his concerns regarding his high blood pressure and that his diet needs to be switched to a low sodium diet. Plaintiff alleges that following his transfer to KVSP, his health has declined and his blood pressure has risen a lot, but Defendant Chen will not change his diet and he relies on multiple blood pressure medications to manage Plaintiff's "created problem." (Doc. 11, Amend. Comp., § IV.)

### B.     Eighth Amendment Medical Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise

to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Plaintiff's disagreement with Defendant Chen's medical decisions regarding diet and medication is not sufficient to support a claim for violation of the Eighth Amendment. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). "Deliberate indifference is a high legal standard," Toguchi, 391 F.3d at 1060, and the facts set forth in Plaintiff's amended complaint do not support a plausible claim against Defendant Chen for knowingly disregarded a substantial risk of harm to Plaintiff's health, Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969; Farmer, 511 U.S. at 837.

### III.    Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies and an opportunity to amend, but he was unable to cure the deficiencies in his claim and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983 and the dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   May 31, 2011**             /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE